IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN HILL, #287467,
    Plaintiff                                     :

             v.                   :  CIVIL ACTION NO. JFM-05-1836

JOHN D. ASHCROFT, *et al.*,      :
    Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Melvin Hill, also known as Ronald Hill, a frequent prisoner litigator, has filed more than 140 cases in this Court. The majority of those filings relate in some manner to Hill's contentions that he: is not the person who committed the crime for which he is now incarcerated; was indicted under a false name; and is now being "held hostage" under an improper commitment number.[1] In this latest filing, Hill names various federal, state and local officials as party defendants.[2] He does not specify the damages he seeks, and does not indicate that he has suffered any injury as a result of any action taken by defendants.

Upon review of the records of this Court, the undersigned, who is familiar with the plaintiff's previous civil rights filings, finds that plaintiff has had numerous cases dismissed as frivolous and one

---

[1] At some point, the system must declare that justice has been done insofar as human capacity exists to dispense it, and attempt to focus upon rehabilitation rather than relitigation." *Miller v. Bordenkircher*, 764 F.2d 245 (4th Cir. 1985), cited in *Hill v. Robinson*, CA 94-6132 and 94-8002 (4th Cir., June 22, 1994).

[2] Plaintiff names the former United States Attorney General, a United States Attorney, the Internal Revenue Service, the FBI, and various state and local police agencies as defendants. His "complaint" consists of a recitation of statutory provisions regarding the Sentencing Reform Act of 1984, a listing of nominees to the Sentencing Commission, a recitation of Revolutionary War history and information concerning World War II, a recitation of the purpose of the National Security Agency, and other disjointed fragments of information in no way related to complaints concerning plaintiff's confinement.

which was previously dismissed under 28 U.S.C. § 1915(g).[3] In light of the foregoing, the Court concludes that plaintiff cannot pursue this claim without prepayment of the $250.00 filing fee. Accordingly, this case shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), by way of a separate Order.


July 14, 2005                               /s/
   Date                                  J. Frederick Motz
                                       United States District Judge

---

[3] *See Hill v. Woods*, Civil Action No. H-96-3034 (D. Md. 1996); *Hill v. Harvey*, Civil Action No. S-96-3886 (D. Md. 1996); *Hill v. Glendenning*, Civil Action No. H-99-52 (D. Md. 1999); and *Hill v. The State Public Defender's Office*, Civil Action No. H-03-431 (D. Md. 2003).